IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND MCGINNIS | : | |
| 268 Cypress Ave | : | CIVIL ACTION |
| Johnstown, PA 15902 | : | |
| | : | |
| v. | : | NO.  3:21-cv-38 |
| | : | |
| ELI PEKICH, JR. | : | |
| 3129 Laurel View Drive | : | |
| Abingdon, MD 21009 | : | |
|     and | : | |
| IRINA MIKITYANSKAYA | : | |
| 3129 Laurel View Drive | : | |
| Abingdon, MD 21009 | : | |
|     and | : | |
| E&M PROPERTIES | : | |
| 3129 Laurel View Drive | : | |
| Abingdon, MD 21009 | : | |
|     and | : | |
| E&M PROPERTIES, LLC | : | |
| 3129 Laurel View Drive | : | |
| Abingdon, MD 21009 | : | |
|     and | : | |
| JOHN/JANE DOE OWNER/ | : | |
| MAINTAINER OF 268 CYPRESS AVE | : | |
| JOHNSTOWN, PA 15902 | : | |
| 3129 Laurel View Drive | : | |
| Abingdon, MD 21009 | : | |

## COMPLAINT

### PARTIES

1.  Plaintiff Raymond McGinnis is an adult individual residing at 268 Cypress Ave, Johnstown, PA 15902.

2.  Defendant Eli Pekich, Jr. (hereinafter "Pekich") is an adult individual residing at 3129 Laurel View Drive, Abingdon, MD 21009.

3. Defendant Irina Mikityanskaya (hereinafter "Mikityanskaya") is an adult individual residing at 3129 Laurel View Drive, Abingdon, MD 21009.

4. Defendant E&M Properties is a business organization organized and existing under the laws of the State of Maryland with a principal place of business at 3129 Laurel View Drive, Abingdon, MD 21009.

5. Defendant E&M Properties, LLC is a business organization organized and existing under the laws of the State of Maryland with a principal place of business at 3129 Laurel View Drive, Abingdon, MD 21009.

6. Defendant John/Jane Doe Owner/Maintainer of 268 Cypress Ave, Johnstown, PA 15902 (hereinafter "John/Jane Doe") is an individual and/or business organization located at 3129 Laurel View Drive, Abingdon, MD 21009.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action under 28 USC §1332, as Plaintiff and Defendants are citizens of different states and the amount in controversy is in excess of $75,000.

8. Venue is proper in this district because the incident that is the subject of this Complaint occurred in this district and Defendants conduct regular business activity in this district.

## FACTUAL ALLEGATIONS

9. At all relevant times, Defendants Pekich, Mikityanskaya, E&M Properties, E&M Properties, LLC and/or John/Jane Doe owned, controlled and/or maintained a property and building located at 268 Cypress Ave, Johnstown, PA 15902.

10. At all relevant times, Defendants had a duty to safely maintain the property and building located at 268 Cypress Ave, Johnstown, PA 15902.

11. At all relevant times, Plaintiff Raymond McGinnis was a business invitee since he leased the property at 268 Cypress Ave, Johnstown, PA 15902 from or through Defendants.

12. At all relevant times, the railing along the outside concrete steps, and the concrete steps at the property were in disrepair, thereby creating a dangerous condition.

13. At all relevant times, Defendants knew or should have known of the dangerous condition of the railing/steps.

14. At all relevant times, Defendants had a duty to maintain the property in a safe condition, including the railing/steps.

15. At all relevant times, Defendants had a duty to fix and/or correct and/or repair any dangerous conditions existing on the property, including the railing/steps.

16. At all relevant times, each Defendant acted individually and through its agents, workers and employees, all of whom were working in the course and scope of their employment with Defendants.

17. On April 22, 2019, Plaintiff Raymond McGinnis was walking down the outside concrete steps on the property when he was caused to violently fall as a result of the dangerous condition of the railing/steps.

18. The aforesaid accident resulted solely from the negligence and carelessness of Defendants and was due in no part to any act or failure to act on the part of Plaintiff.

19. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff was caused to suffer: right foot/ankle trauma; right foot/ankle pain; right foot/ankle sprain; decreased blood flow to the right foot/ankle; right lower limb ischemia; right below-the-

knee amputation; and other injuries to his muscles, ligaments, nerves and nervous system, any and all of which may be permanent in nature, all of which have caused him great pain and suffering, all to his great loss and detriment.

20. As a further result of the negligence of Defendants, Plaintiff has suffered and continues to suffer physical, mental, and emotional pain.

21. As a further result of the negligence of Defendants, Plaintiff has suffered loss of life's pleasures and loss of enjoyment of life.

22. As a further result of the negligence of Defendants, Plaintiff has suffered scarring and disfigurement.

23. As a further result of the negligence of Defendants, Plaintiff has been obligated to seek medical treatment for his injuries and has incurred medical expenses in the past and will continue to incur medical expenses in the future.

24. As a further result of the negligence of Defendants, Plaintiff has suffered a loss of earnings and loss of earning capacity.

25. As a further result of the negligence of Defendants, Plaintiff is limited in his ability to fully attend to his usual daily activities.

## COUNT I
### PLAINTIFF RAYMOND MCGINNIS V. DEFENDANT ELI PEKICH, JR.

26. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 25 as though the same were set forth fully herein at length.

27. The negligence and carelessness of Defendant Pekich consisted of the following:

   a. Failing to keep the steps and railing in a safe condition;

   b. Allowing the railing and steps to remain in a dangerous condition;

   c. Failing to properly secure the railing to the ground;

    d. Failing to properly secure the railing to the steps;

    e. Allowing the dangerous condition of the railing/steps to remain at the property;

    f. Failing to correct the dangerous condition of the railing/steps;

    g. Failing to warn of the dangerous condition of the railing/steps;

    h. Failing to timely and adequately inspect the premises, including the railing/steps;

    i. Failing to properly manage, train and supervise his agents, workers and employees in connection with the inspection and repair of the property, including the railing/steps; and

    j. Failing to have and/or enforce policies, procedures and guidelines for inspection, repair and maintenance of the property, including the railing/steps.

28. As a direct and proximate result of the negligence of Defendant, Plaintiff sustained the injuries and damages set forth above and incorporated by reference.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Pekich, Jr. in an amount in excess of $150,000 plus interest and costs of suit.

## COUNT II
## PLAINTIFF RAYMOND MCGINNIS V. DEFENDANT IRINA MIKITYANSKAYA

29. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 28 as though the same were set forth fully herein at length.

30. The negligence and carelessness of Defendant Mikityanskaya consisted of the following:

    a. Failing to keep the steps and railing in a safe condition;

    b. Allowing the railing and steps to remain in a dangerous condition;

    c. Failing to properly secure the railing to the ground;

    d. Failing to properly secure the railing to the steps;

    e. Allowing the dangerous condition of the railing/steps to remain at the property;

    f. Failing to correct the dangerous condition of the railing/steps;

    g. Failing to warn of the dangerous condition of the railing/steps;

    h. Failing to timely and adequately inspect the premises, including the railing/steps;

    i. Failing to properly manage, train and supervise her agents, workers and employees in connection with the inspection and repair of the property, including the railing/steps; and

    j. Failing to have and/or enforce policies, procedures and guidelines for inspection, repair and maintenance of the property, including the railing/steps.

31. As a direct and proximate result of the negligence of Defendant, Plaintiff sustained the injuries and damages set forth above and incorporated by reference.

WHEREFORE, Plaintiff demands judgment against Defendant Irina Mikityanskaya in an amount in excess of $150,000 plus interest and costs of suit.

## COUNT III
## PLAINTIFF RAYMOND MCGINNIS V. DEFENDANT M&S PROPERTIES

32. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 31 as though the same were set forth fully herein at length.

33. The negligence and carelessness of Defendant E&M Properties consisted of the following:

    a. Failing to keep the steps and railing in a safe condition;

    b. Allowing the railing and steps to remain in a dangerous condition;

    c. Failing to properly secure the railing to the ground;

    d. Failing to properly secure the railing to the steps;

    e. Allowing the dangerous condition of the railing/steps to remain at the property;

    f. Failing to correct the dangerous condition of the railing/steps;

    g. Failing to warn of the dangerous condition of the railing/steps;

    h.  Failing to timely and adequately inspect the premises, including the railing/steps;

    i.  Failing to properly manage, train and supervise their agents, workers and employees in connection with the inspection and repair of the property, including the railing/steps; and

    j.  Failing to have and/or enforce policies, procedures and guidelines for inspection, repair and maintenance of the property, including the railing/steps.

34.    As a direct and proximate result of the negligence of Defendant, Plaintiff sustained the injuries and damages set forth above and incorporated by reference.

WHEREFORE, Plaintiff demands judgment against Defendant E&M Properties in an amount in excess of $150,000 plus interest and costs of suit.

## COUNT IV
## PLAINTIFF RAYMOND MCGINNIS V. DEFENDANT M&S PROPERTIES, LLC

35.    Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 34 as though the same were set forth fully herein at length.

36.    The negligence and carelessness of Defendant E&M Properties, LLC consisted of the following:

    a.  Failing to keep the steps and railing in a safe condition;

    b.  Allowing the railing and steps to remain in a dangerous condition;

    c.  Failing to properly secure the railing to the ground;

    d.  Failing to properly secure the railing to the steps;

    e.  Allowing the dangerous condition of the railing/steps to remain at the property;

    f.  Failing to correct the dangerous condition of the railing/steps;

    g.  Failing to warn of the dangerous condition of the railing/steps;

    h.  Failing to timely and adequately inspect the premises, including the railing/steps;

      i. Failing to properly manage, train and supervise their agents, workers and employees in connection with the inspection and repair of the property, including the railing/steps; and

      j. Failing to have and/or enforce policies, procedures and guidelines for inspection, repair and maintenance of the property, including the railing/steps.

37. As a direct and proximate result of the negligence of Defendant, Plaintiff sustained the injuries and damages set forth above and incorporated by reference.

WHEREFORE, Plaintiff demands judgment against Defendant E&M Properties, LLC in an amount in excess of $150,000 plus interest and costs of suit.

### COUNT V
### PLAINTIFF RAYMOND MCGINNIS V. DEFENDANT JOHN/JANE DOE OWNER/MAINTAINER OF 268 CYPRESS AVE, JOHNSTOWN, PA 15902

38. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 37 as though the same were set forth fully herein at length.

39. The negligence and carelessness of Defendant John/Jane Doe consisted of the following:

      a. Failing to keep the steps and railing in a safe condition;

      b. Allowing the railing and steps to remain in a dangerous condition;

      c. Failing to properly secure the railing to the ground;

      d. Failing to properly secure the railing to the steps;

      e. Allowing the dangerous condition of the railing/steps to remain at the property;

      f. Failing to correct the dangerous condition of the railing/steps;

      g. Failing to warn of the dangerous condition of the railing/steps;

      h. Failing to timely and adequately inspect the premises, including the railing/steps;

      i. Failing to properly manage, train and supervise their agents, workers and employees in connection with the inspection and repair of the property, including the railing/steps; and

      j. Failing to have and/or enforce policies, procedures and guidelines for inspection, repair and maintenance of the property, including the railing/steps.

40. As a direct and proximate result of the negligence of Defendant, Plaintiff sustained the injuries and damages set forth above and incorporated by reference.

WHEREFORE, Plaintiff demands judgment against Defendant John/Jane Doe Owner/Maintainer of 268 Cypress Ave, Johnstown, PA 15902 in an amount in excess of $150,000 plus interest and costs of suit.

                        LOWENTHAL & ABRAMS, PC

      BY:   */s/ Gary Solomon*
                     GARY SOLOMON, ESQUIRE